OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted after trial of burglary, attempted petit larceny, criminal mischief, and possession of burglar’s tools. He contends that the court erred in permitting testimony that the police found jewelry and money in his possession as he left the ransacked apartment and admitting those items in evidence when the People did not claim or prove that the items were stolen. He claims further that the error was exacerbated when the prosecutor, in summation, commented about the items and that these errors deprived him of his constitutional right to a fair trial. The Appellate Division found the error to be harmless as a matter of law and affirmed the convictions. On appeal to this court, the People contend that harmless error is a mixed question of law and fact which this court may not review and defendant renews his only preserved argument that the errors deprived him of a fair trial.
Contrary to the People’s contention, the correctness of the Appellate Division harmless error determination raises a question of law reviewable in this court (see, e.g., People v Goodman, 54 NY2d 451; People v Glenn, 52 NY2d 880; People v Crimmins, 36 NY2d 230, 242). On the merits, we agree with the Appellate Division that the evidence of guilt was overwhelming and the errors harmless. Defendant was apprehended with a screwdriver in his pocket leaving the ransacked and damaged apartment by a police officer responding to a burglary in progress report. Under the circumstances, there is no significant probability that the jury would have acquitted defendant had the errors not occurred (People v Crimmins, supra).
*837 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.